UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| EDWARD MATTHEWS, | ) CV 08-3655-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, Comm. | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant, | ) |

## I. PROCEEDINGS

This matter is before the Court to review the Administrative Law Judge's ("ALJ") denial of Plaintiff's application for Social Security Income ("SSI") benefits. Plaintiff and Defendant have filed their respective pleadings and the parties have filed a Joint Stipulation dated February 6, 2009. The parties have consented to the jurisdiction of the Magistrate Judge.

1

## II. BACKGROUND

Plaintiff filed an application for SSI benefits on December 18, 2003, alleging disability beginning July 1, 2001. Plaintiff's claim was denied on October 13, 2004. On March 2, 2005, Plaintiff's claim was again denied upon review. Plaintiff filed a timely Request for Hearing on March 14, 2005, and a hearing was held on April 21, 2006. ALJ F. Keith Varni denied Plaintiff's claim on June 3, 2006, and Plaintiff filed a timely Request for Review of Hearing Decision on June 8, 2006. The Appeals Council denied review of the decision on October 16, 2006, and Plaintiff filed a civil action in United States District Court. The District Court issued an Order of Remand on June 28, 2007. A remand hearing was held January 29, 2008, and ALJ London Stevenson denied Plaintiff's claim on March 21, 2008. Plaintiff filed the present action June 4, 2008, appealing the second denial of his claim.

## III. DISCUSSION

Under 42 U.S.C § 405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but "less than a preponderance." Desrosiers v. Secretary of Health & Human Servs., 846 F. 2d 59, 60 (9th Cir. 1973), cert denied, Troske v. Weinberger, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F. 2d 589, 590 (9th Cir. 1971).

It is the duty of this court to review the record as a whole and to consider adverse as well as supporting evidence. Green v. Heckler, 803 F. 2d 528, 529-30 (9th Cir. 1986). The court is required to uphold the decision of the Commissioner where evidence is susceptible of more than one rational interpretation. Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984). The

court has the authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405 (g). Remand is appropriate where additional proceedings would remedy defects in the Commissioner's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, it is determined whether the person is engaged in "substantial gainful activity." If so, disability benefits are denied. Second, if the person is not so engaged, it is determined if the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, benefits are denied. Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed disabled. Fourth, if the impairment does not meet or equal the "listed impairments," it is determined whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, benefits are denied. Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work. 20 C.F.R. §404.1520 (1994); Bowen v. Yuckert, 482 U.S. 137, 140-2 (1987).

Issue 1:  ALJ Complied With the Remand Order by Giving Further Consideration to the Treating Physician's Opinion.

A remand order was issued on June 28, 2007, requiring the ALJ to further consider the opinion of Plaintiff's treating physician. In 2004, Plaintiff's treating physician, Dr. Tank, placed Plaintiff's GAF at 20, which suggests Plaintiff was in danger of hurting himself, sometimes failed to maintain personal hygiene and

was largely incoherent or mute. (AR 34).  Although ALJ Stevenson acknowledged Dr. Tank's finding by recognizing that Plaintiff suffered from bi-polar disorder (AR 345), Plaintiff contends that ALJ Stevenson did not comply with the remand order because he did not provide specific reasons, supported by substantial evidence, for ultimately rejecting Dr. Tank's opinion.

      Defendant contends that ALJ Stevenson did properly consider Dr. Tank's opinion as required by the remand order.  This assertion is supported by the findings of two examining physicians, Dr. Robert B. Paxton and Dr. Linda Smith.  In 2003, Dr. Paxton examined Plaintiff's level of functional limitation to determine whether Plaintiff was severely impaired by bi-polar disorder.  Functional limitation is rated in the following four areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, and pace; (4) episodes of deterioration or decompensation in work or work-like settings.  Maier v. Commissioner, 144 F.3d 1203, 1204 (9th Cir. 1998).  Dr. Paxton rated Plaintiff's functional limitations as mild in areas one through three, and found that Plaintiff suffered only one or two episodes of decompensation, ratings not typically indicative of severe impairment.  Dr. Smith's 2004 placement of Plaintiff's GAF at 70, prior to Plaintiff's hospitalization later that year, supports Dr. Paxton's findings.  Dr. Tank, however, offered no opinion on any of Plaintiff's functional limitations. (AR 318-9).

      The record indicates that Plaintiff attended school Monday through Thursday for six hours a day, earned some money in 2005 and 2006, completed light household chores, engaged in normal social interaction and helped care for his wife and child.  These activities, which occurred less than a year after Plaintiff's 3-day hospitalization for bi-polar disorder in 2004, further discredit Dr. Tank's findings.

      Despite Plaintiff's assertion that ALJ Stevenson did not provide substantial evidence and specific reasons for rejecting Dr. Tank's opinion, ALJ

1 Stevenson's rejection of Dr. Tank's findings was based upon the opinions of
2 examining physicians and Plaintiff's own activities.  Thus, ALJ Stevenson did
3 further consider the opinion of the treating physician pursuant to the Remand
4 Order, since the original ALJ opinion did not mention the treating physician's
5 opinion whatsoever.

7 <u>Issue 2:  ALJ Properly Considered the Severity of Plaintiff's Bi-Polar
8 Disorder.</u>

9 Plaintiff contends that ALJ Stevenson did not properly consider the
10 severity of his bi-polar disorder as diagnosed by Dr. Tank in 2004.  Plaintiff
11 contends that Dr. Tank's opinion is evidence of more than a minimal
12 impairment, <u>Powell v. Chater</u>, 959 F. Supp. 1238, 1242 (C.D. Cal. 1997), and by
13 failing to consider the findings of Dr. Tank, ALJ Stevenson was unable to fully
14 consider Plaintiff's inability to perform and sustain full time, competitive work

15 Defendant argues that Plaintiff's activities and the opinions of the
16 examining physicians provide substantial evidence that Plaintiff's bi-polar
17 disorder did  not constitute a severe impairment.  As stated above, to determine
18 whether a claimant is severely impaired by a mental disorder, Plaintiff's level of
19 functional limitation is rated in four areas.  The four rated areas are: (1) activities
20 of daily living; (2) social functioning; (3) concentration, persistence, and pace;
21 (4) episodes of deterioration or decompensation in work or work-like settings.
22 <u>Maier v. Commissioner</u>, 144 F.3d 1203, 1204 (9th Cir. 1998).

23 In 2003, examining physician Dr. Robert B. Paxton rated Plaintiff's
24 functional limitations as mild in areas one through three, and found that Plaintiff
25 suffered only one or two episodes of decompensation, ratings not typically
26 indicative of severe impairment.

27 Another examining physician, Dr. Linda Smith, supports these findings.
28 In 2004, prior to Plaintiff's hospitalization later that year, Dr. Smith assessed

Plaintiff's GAF at 70 and found Plaintiff had no mental limitations affecting his ability to work. Although these findings conflict with Dr. Tank's November 2004 GAF assessment of 20, the Commissioner has discretion to choose between medical evidence where conflicts exist. Sanchez v. Secretary of Health & Human Servs., 812 F.2d 509, 511 (9th Cir. 1987).

Even though Plaintiff was hospitalized for three days in late 2004, following the examinations of doctors Smith and Paxton, he was "significantly improved" on discharge and his prognosis was good. (AR 318-22, 369). Following his brief hospitalization, Plaintiff earned some income in 2005 and 2006 performing odd jobs, attended school Monday through Thursday for six hours a day, helped care for his family and completed light household chores.

Defendant also points to evidence in the record indicating that Plaintiff received only "fleeting treatment" (AR 347) for bi-polar disorder. Aside from his hospitalization, the only other indication that Plaintiff was treated for bi-polar disorder was a 2005 prescription Plaintiff received Lamotringine, a medication that treats both seizure disorder and bi-polar disorder. However, Plaintiff stated that he was prescribed Lamotringine to treat his seizure disorder, not bi-polar disorder. Thus, the record lacks evidence indicating Plaintiff sought regular treatment for his bi-polar disorder.

A mental impairment must also last for a continuous period of at least 12 months to constitute a disability. 42 U.S.C. §423(d)(1)(A) (1988). Plaintiff's activities inconsistent with severe impairment and Plaintiff's failure to treat his bi-polar disorder occurred less than 12 months after Plaintiff's hospitalization. Thus, Plaintiff's bi-polar disorder did not leave him severely impaired for the requisite 12-month period.

Because Plaintiff's activities and the findings of two examining physicians contradict Dr. Tank's GAF assessment of 20, his findings are less compelling. Here, the physicians' findings are in conflict, thus the evidence set forth in the

record provides sufficient grounds for the denial of SSI benefits.

Even if Dr. Tank's findings were contradicted, they could still be disregarded. This is particularly relevant to GAF assessments, since these are probative, but not dispositive, of severe impairment.

Thus, ALJ Stevenson, by considering the breadth of evidence presented in the record, properly considered the severity of Plaintiff's bi-polar disorder.

## IV. ORDER

For the foregoing reasons, the decision of the ALJ is affirmed, and the Complaint is dismissed.

Date: July 23, 2009

/ s /
_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE